**Jerrold POE, Appellant,**

v.

**Bill M. ARMONTROUT, Appellee.**

No. 94–2330.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Dec. 15, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 15, 1995.

David Gallego, Troy, MO, argued for appellant.

Stacey Anderson, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Stacy L. Anderson, on the brief), for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

**WOLLMAN, Circuit Judge.**

This is a habeas corpus case. The state of Missouri argues that petitioner Jerrold Poe is procedurally barred from raising a *Batson* claim for the first time here and that no prejudice resulted from Poe's three claimed ineffective assistance of counsel grounds. The district court[1] agreed with the state, adopting the recommendation of the magistrate judge.[2] We likewise agree.

## I

Poe is serving seventy years in a Missouri state penitentiary. He was convicted of robbery, kidnapping, rape and sodomy in 1985. Poe alleges that the state used twelve of thirteen peremptory strikes to remove black jurors. In 1986, the Supreme Court held that race-based jury selection can result in Fourteenth Amendment due process violations. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

 A failure to raise a constitutional claim in state court bars federal habeas review unless the convict meets a "cause-and-prejudice test...." *Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984). Poe nevertheless contends that because he was convicted before *Batson,* he was not required to raise his *Batson* claim in state court.

This is wrong. Poe's conviction date is irrelevant. Rather, the focus is on when the direct appeal process ended: the Supreme Court has held that the *Batson* rule applies to all criminal cases pending on direct review on the day *Batson* was decided (April 30, 1986). *Griffith v. Kentucky,* 479 U.S. 314, 316, 107 S.Ct. 708, 709–10, 93 L.Ed.2d 649 (1987). Here, the Missouri Court of Appeals issued its final decision in Poe's case on November 12, 1986. Poe points to no good excuse or cause for his failure to raise a *Batson* claim. Poe had more than six months to bring his *Batson* claim before the Missouri courts on direct appeal. His failure to do so prevents federal review.

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

## II

Poe also brings three ineffective assistance of counsel claims to us.

 First, Poe urges that his trial attorney elicited damaging hearsay testimony while cross-examining a prosecution witness. While Poe's brief does not make clear what this hearsay testimony was, nor even which witness gave it, a reading of the magistrate judge's report makes clear that Poe is objecting to the testimony of an eyewitness named Hosea Wells. At the time of Poe's crimes, Wells knew Poe by sight but did not know his name. But at trial, Wells testified as to Poe's name and said that his cousin had told him the name. Poe objects to this as hearsay because he was unable to cross-examine the cousin.

In order for an ineffective assistance of counsel claim to succeed, the convict must show prejudice stemming from the lawyer's error. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Poe's brief, while stating that he was harmed by the testimony, does not explain how he was harmed. As a general matter, we cannot see how saying the name of the accused could improperly strengthen the testimony of an eyewitness. In this case, Wells picked Poe out of a photographic lineup during the criminal investigation and at trial identified Poe for the jury before testifying to Poe's name. Wells's belief as to Poe's name seems irrelevant to the act of identification, which was Wells's main contribution to the state's case. At issue is the person seen, not the name of the person seen.

Second, Poe in a related vein claims that his trial counsel should have objected to the in-court identification of Poe by Wells because Wells did not know Poe's name until it was told to him. Once again, Poe's brief fails to state how he was prejudiced by the failure to object. Such an objection would quite properly have been overruled. Wells testified that he saw a person he recognized getting into a car with the crime victim; Wells then identified that person as Poe. This is standard procedure in criminal trials. Its effectiveness does not make it prejudicial.

Third, Poe argues that his trial counsel should have called a witness to impeach Wells. Wells testified at trial that something seemed amiss when he saw Poe get into the car with the victim. Poe alleges that Wells earlier told state investigator Gerald Wilson that nothing seemed amiss and that Wilson therefore should have testified. Poe's brief fails to explain how this inconsistency renders less reliable the crux of Wells's testimony, which was the identification of Poe. Poe has not demonstrated that Wilson's testimony would have had an impact on the verdict. *See Strickland,* 466 U.S. at 691–92, 104 S.Ct. at 2066–67.

No prejudice has been shown from any of Poe's claimed trial counsel deficiencies.

## III

For the foregoing reasons, there is no reason to disturb the district court's adoption of the magistrate judge's well-crafted recommendation. We affirm.